1  JEFFREY I. WEINBERGER (#056214)
   TED G. DANE (#143195)
2  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
3  35th Floor
   Los Angeles, CA  90071
4  Telephone:    (213) 683-9288
   Facsimile:    (213) 687-3702
5
   Attorneys for Defendant
6  THERASENSE, INC.

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11

12
   BECTON, DICKINSON AND COMPANY          CASE NO.  CV 04-03327
13
                 Plaintiff,
14
        vs.                               **ANSWER, COUNTERCLAIM AND**
15                                        **JURY DEMAND**
   THERASENSE, INC.,
16
                 Defendant.
17

18

19

20

21

22

23

24

25

26

27

28
   ──────────────────────────────────────────
   1039013.1                                ANSWER, COUNTERCLAIM AND JURY
                                                                  DEMAND

Defendant TheraSense, Inc. ("TheraSense") answers plaintiff Becton, Dickinson and Company's ("BD") Complaint ("Complaint") as follows:

## THE PARTIES

1. Upon information and belief, TheraSense admits that BD is a New Jersey corporation with a principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey. TheraSense is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore denies such allegations.

2. Admitted.

## JURISDICTION AND VENUE

3. Paragraph 3 contains conclusions of law for which no response is required.

4. Paragraph 4 contains conclusions of law for which no response is required.

## FACTUAL ALLEGATIONS

### (BD's Blood Glucose Monitoring Products)

5. TheraSense admits that millions of Americans suffer from diabetes, and admits the second and third sentences of Paragraph 5. Except as otherwise expressly admitted, TheraSense is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies such allegations.

6. TheraSense admits that the BD Logic Glucose Monitor and the BD Diabetes Latitude Management System use lancets and test strips requiring a small amount of blood to perform the test. Except as expressly so admitted, TheraSense is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies such allegations.

7. TheraSense is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies such allegations.

(The Controversy Between BD and TheraSense)

8. TheraSense admits that on April 8, 2003, TheraSense advised BD of the November 7, 2003 issuance of United States Patent 6,143,164. TheraSense otherwise denies BD's characterizations of the April 8, 2003 letter, and refers the Court to that letter as the best evidence of its contents.

9. TheraSense admits that on July 15, 2003, TheraSense advised BD of the July 15, 2003 issuance of United States Patent 6,592,745. TheraSense otherwise denies BD's characterizations of the July 15, 2003 letter, and refers the Court to that letter as the best evidence of its contents.

10. TheraSense admits that the parties engaged in discussions concerning the application of the '164 and '745 patents to BD's products after mid-July 2003. TheraSense is without knowledge or information sufficient to form a belief as to the truth of the first sentence of the allegations in Paragraph 10, and therefore denies such allegations. TheraSense denies the remainder of the allegations in Paragraph 10.

11. Denied.

### COUNT I

12. Responding to this paragraph, TheraSense incorporates paragraphs 1 to 11 of its Answer as though fully set forth herein.

13. Denied.

14. Denied.

15. Denied.

### COUNT II

16. TheraSense incorporates paragraphs 1 to 11 of its Answer as though fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over the claims for declaratory relief.

## COUNTERCLAIM

TheraSense's assertion of the following counterclaim is conditional upon the Court's finding that, at the time BD filed this suit, there was subject matter jurisdiction over the declaratory relief claims in this action. Nothing herein is intended to waive or detract from TheraSense's position that subject matter jurisdiction was lacking for BD's claims at the time this action was brought.

Therasense brings this Counterclaim against plaintiff BD and alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

## THE PARTIES

1. TheraSense is a Delaware corporation with its principal place of business in Alameda, California. TheraSense is a worldwide leader in the development, manufacture and marketing of blood, glucose self-monitoring systems, systems that feature very small sample size, rapid test results, and less-painful testing systems for people with diabetes.

2. TheraSense is informed and believes, and on that basis alleges, that BD is a New Jersey corporation with its principal place of business in New Jersey. TheraSense is informed and believes that BD has business operations and regularly conducts business in this District.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 and 1338, in that this is a civil action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code, and the parties are citizens of

different states. This Court has personal jurisdiction over BD because BD regularly does business in this district, and/or BD has committed acts of patent infringement in this district.

4. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c) and 1400(b) because BD is subject to personal jurisdiction in this district, BD resides and/or may be found in this district, and/or BD has committed acts of patent infringement and regularly does business in this district.

## FIRST CAUSE OF ACTION

Patent Infringement – United States Patent No. 6,143,164

5. TheraSense hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 4 of this Counterclaim as though fully set forth herein.

6. TheraSense is the sole and exclusive owner of United States Patent No. 6,143,164 (the "'164 patent"), entitled "Small Volume In Vitro Analyte Sensor." The '164 patent was duly and legally issued by the United States Patent and Trademark Office on November 7, 2000. A copy of the '164 patent is attached hereto as Exhibit A.

7. In violation of 35 U.S.C. § 271(a), BD has made, used, offered for sale and/or sold in the United States products that infringe one or more claims of the '164 patent.

8. BD also has actively induced the infringement of, and/or contributed to the infringement of, one or more claims of the '164 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

9. BD has known of, and has had possession of, the '164 patent at least since April 8, 2003.

10. The infringement of the '164 patent by BD has been willful and wanton.

11. TheraSense has suffered damages in excess of $75,000 resulting from BD's infringement, in an amount to be determined according to proof.

12. Therasense has suffered and will continue to suffer serious irreparable injury unless BD's infringement of the '164 patent is enjoined.

## SECOND CAUSE OF ACTION

Patent Infringement – United States Patent No. 6,592,745

13. TheraSense hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 4 of this Counterclaim as though fully set forth herein.

14. TheraSense is the sole and exclusive owner of United States Patent No. 6,592,745 (the "'745 patent"), entitled "Method of Using A Small Volume In Vitro Analyte Sensor With Diffusible Or Non-Leachable Redox Mediator." The '745 patent was duly and legally issued by the United States Patent and Trademark Office on July 15, 2003. A copy of the '745 patent is attached hereto as Exhibit B.

15. In violation of 35 U.S.C. § 271(a), BD has made, used, offered for sale and/or sold in the United States products that infringe one or more claims of the '745 patent.

16. BD also has actively induced the infringement of, and/or contributed to the infringement of, one or more claims of the '745 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

17. BD has known of, and has had possession of, the '745 patent since at least July 15, 2003.

18. The infringement of the '745 patent by BD has been willful and wanton.

19. TheraSense has suffered damages in excess of $75,000 resulting from BD's infringement, in an amount to be determined according to proof.

20. TheraSense has suffered and will continue to suffer serious irreparable injury unless BD's infringement of the '745 patent is enjoined.

Wherefore, TheraSense respectfully requests that this Court enter judgment in its favor and against BD and grant the following relief:

A. A judgment that BD has infringed the '164 and '745 patents in violation of 35 U.S.C. §§ 271(a), (b) and (c);

B. A judgment that BD's infringement of the '164 and '745 patents has been willful and wanton;

  C. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining BD, and all persons in active concert or participation with it, from any further acts of infringement, inducement of infringement, or contributory infringement of the '164 and '745 patents;

  D. An order, pursuant to 35 U.S.C. § 284, awarding Therasense damages adequate to compensate Therasense for BD's infringement of the '164 and '745 patents, in an amount to be determined at trial, but in no event less than a reasonable royalty;

  E. An order, pursuant to 35 U.S.C. § 284, and based on BD's willful and wanton infringements of the '164 and '745 patents, trebling all damages awarded to TheraSense;

  F. An order, pursuant to 35 U.S.C. § 284, awarding to TheraSense interest on the damages and its costs incurred in this action;

  G. An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to TheraSense its reasonable attorneys' fees incurred in this action; and

  H. Such other and further relief as this Court may deem just and proper.

DATED: September 21, 2004

MUNGER, TOLLES & OLSON LLP

By: _____
TED G. DANE

Attorneys for Defendant
THERASENSE, INC.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the Constitution of the United States, TheraSense Inc., demands a trial by jury of all claims and issues triable as of right by jury in this action.

Dated: September 21, 2004

MUNGER, TOLLES & OLSON LLP

By_____
TED G. DANE

Attorneys for Defendant
THERASENSE, INC.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS PURSUANT TO NORTHERN DISTRICT LOCAL RULE 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed person, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Abbott Laboratories, 100% parent of Plaintiff TheraSense, Inc.

Dated: September 21, 2004

MUNGER, TOLLES & OLSON LLP

By_____
TED G. DANE

Attorneys for Defendant
THERASENSE, INC.

1039013.1

ANSWER, COUNTERCLAIM AND JURY DEMAND